UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **GEORGE HOLLAND,** *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | **CIVIL ACTION NO. 4:16-CV-3219** |
| | § | |
| **CITIMORTGAGE, INC.,** | § | |
| | § | |
| Defendant. | § | |

### ORDER

Plaintiffs George Holland and Melissa Holland ("Plaintiffs") allege breach of contract, duress, misrepresentation and fraud claims against Defendant CitiMortgage, Inc. ("Defendant"). Plaintiffs have filed a Motion to Remand (Doc. No. 9), and Defendant has filed a Motion to Dismiss (Doc. No. 13). Lastly, Plaintiffs have filed a Motion for Leave to File an Amended Petition (Doc. No. 18).

### Background

Defendant holds a mortgage on Plaintiffs' real property in Conroe, Texas. (Doc. No. 13 at 4.) In 2008, Plaintiffs defaulted on their mortgage, and subsequently attempted to file four bankruptcies, all of which were dismissed. (Doc. No. 13 at 4-6.) The reason for the failure of the bankruptcies is disputed. This lawsuit arises out Defendant's alleged conduct with respect to Plaintiffs' four bankruptcy petitions. Plaintiffs also complain of Defendant's actions regarding a loan modification plan on Plaintiffs' mortgage.

Plaintiffs originally filed this action on April 19, 2016, in Montgomery County District Court. (Doc. No. 9 at 1.) The case was then, apparently, transferred to the Montgomery County Court at Law No. 2 because of amount in controversy requirements. (*Id.*) On May 3, 2016,

1

Defendant filed a notice of removal to federal court, but the case was remanded. (*Id.*) On November 11, 2016, Defendants removed the case to federal court for a second time. (Doc. No. 1.)

**Motion to Remand**

Plaintiffs argue that removal is improper because their claimed damages do not meet the $75,000 amount in controversy requirement needed to sustain diversity jurisdiction under 28 U.S.C. §1332(b). The parties do not dispute that complete diversity of citizenship exists in this case. Thus, if Plaintiffs have claimed damages in excess of $75,000, federal jurisdiction is proper and the motion to remand should be denied.

Plaintiffs have requested $45,000 in compensatory damages and $15,000 in attorneys' fees. Additionally, they have requested punitive damages of more than $15,000. (Doc. Nos. 1-4 at 2-3; 1-2 at 14.) Plaintiffs argue that punitive damages and attorneys' fees are not included in the amount in controversy consideration. The Court disagrees.

The Fifth Circuit has held that the amount in controversy may include punitive damages if they are recoverable as a matter of state law. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012) (unpublished). In Texas, claims for breach of contract do not support an award of punitive damages. *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986) ("This can only be characterized as a breach of contract, and breach of contract cannot support recovery of exemplary damages."). But fraud and misrepresentation claims can, in certain situations, support an award of punitive damages. "Under the Texas Civil Practice and Remedies Code, a plaintiff is entitled to recover exemplary damages if he proves, by clear and convincing evidence, that the defendant acted fraudulently, maliciously, or with gross negligence." *Manon v. Tejas Toyota,*

2

*Inc.*, 162 S.W.3d 743, 757 (Tex. App. 2005) (*citing* Tex. Civ. Prac. & Rem.Code Ann. § 41.003; *KPH Consolidation, Inc. v. Romero*, 102 S.W.3d 135, 144 (Tex.App.-Houston [14th Dist.] 2003, pet. granted).

Several cases in the Fifth Circuit have found that the amount in controversy may include attorneys' fees. *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *Tomdra Investments, L.L.C. v. CoStar Realty Info., Inc.*, 735 F. Supp. 2d 528, 532 (N.D. Tex. 2010) *Salomon v. Wells Fargo Bank, N.A.*, No. EP-10-CV-106-KC, 2010 WL 2545593, at *5 (W.D. Tex. June 21, 2010). Accordingly, the Court finds that it may consider Plaintiffs' requests for attorneys' fees and punitive damages when calculating the amount in controversy.

Plaintiffs seek $15,000 in attorneys' fees, bringing the total amount in controversy to $60,000. But Plaintiffs do not request a specific amount of punitive damages. (Doc. No. 1-4 at 3, "Plaintiffs are also seeking punitive damages.") "[W]hen a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *St. Paul Reinsurance Co.*, 134 F.3d at 1253. Defendant shows that in response to its Request for Admission, Plaintiffs denied that they were seeking less than $15,000 in punitive damages. (Doc. No. 1-2 at 14.) Accordingly, the Court finds that when Plaintiffs' claim for compensatory damages is combined with their claims for attorneys' fees and punitive damages, it is more probable than not that the amount in controversy exceeds $75,000. *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (affirming the district court's conclusion that it was "'more probable than not' that the lengthy list of compensatory and punitive damages sought by White, when combined with attorney's fees, would exceed $75,000.").

Because the parties in this case meet the diversity of citizenship requirement, and the

3

Plaintiffs have pled damages in excess of $75,000, federal jurisdiction is proper under 28 U.S.C. §1332(b). Plaintiffs' Motion to Remand is denied.

**Motion for Leave to Amend**

Plaintiffs have filed a motion for leave to amend their complaint. Plaintiffs seek to "more clearly set forth the facts surrounding the payment of Plaintiffs in the bankruptcies, the modification requests and the failure of Defendants in regards to the fraud and . . . negligence claims." (Doc. No. 18 at 2.) Plaintiffs also seek to add a claim for gross negligence. (*Id.*) Federal Rule of Civil Procedure 15(a) governs petitions for leave to amend pleadings. It directs courts to "freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2).

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962). This is Plaintiffs' first request to amend their petition. Discovery has not yet commenced in this action.

Defendant argues that leave should be denied because the amendment would be futile. (Doc. No. 23 at 1.) Defendant asserts that the proposed new claim of gross negligence is time-barred. The statute of limitations in Texas for gross negligence is two years. *Resolution Trust Corp. v. Acton*, 49 F.3d 1086, 1089 (5th Cir. 1995) (*citing* Tex.Civ.Prac. & Rem.Code Ann. § 16.003(a)). "Negligence claims accrue at the time a wrongful act caused an injury." *Vine St. LLC v. Keeling*, 361 F. Supp. 2d 600, 604 (E.D. Tex. 2005). Plaintiffs' new proposed claim states that Defendant's "failure to respond timely in the first bankruptcy and to even respond in the subsequent bankruptcy is gross negligence on the part of the Defendant." (Doc. No. 18-1 ¶ 33.)

4

However, Plaintiffs' first bankruptcy concluded in 2010, and the last of the four bankruptcies concluded in 2014. (Doc. No. 23 at 4.) Thus, Plaintiffs' proposed claim of gross negligence, regardless of which bankruptcy it is based on, would be raised at least one year after the statute of limitations expired. Accordingly, the Court finds that this amendment would be futile, and leave to amend is denied as to this claim.

Defendants also assert that Plaintiffs' motion for leave to amend should be denied as to the other claims because the proposed amendment would be futile. (Doc. No. 23 at 1.) But the Court is not convinced that Plaintiffs' amendment would be futile. Defendants complain, in their Motion to Dismiss, that "the basis for [Plaintiffs'] claims is, in many respects . . . unclear and fail[s] to satisfy the Federal Rules of Civil Procedure." (Doc. No. 13 at 6.) Plaintiffs state that the proposed amendment will "more clearly set forth the facts surrounding the payment of Plaintiffs in the bankruptcies, the modification requests and the failure of Defendants in regards to the fraud . . . claims." (Doc. No. 18 at 2.) Given that the Court should freely grant leave to amend, the Court cannot find that Plaintiffs' proposed amendment as to their breach of contract, misrepresentation, fraud and duress claims would be wholly futile. Furthermore, because this is Plaintiffs' first request to amend, and discovery has not yet commenced, the Court finds that leave to amend should be granted as to the above claims.

**Motion to Dismiss**

Defendant has also filed a Motion to Dismiss. (Doc. No. 13.) However, because the Court grants leave for Plaintiffs to amend their complaint, the Original Petition is of no legal effect. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Defendants' Motion to Dismiss was based on the Original Petition. Therefore, Defendants' Motion to Dismiss is denied as moot.

5

**Conclusion**

For the above reasons, Plaintiffs' Motion to Remand is **DENIED**, Plaintiffs' Motion for Leave to Amend is **PARTIALLY GRANTED**, and Defendant's Motion to Dismiss is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on the 20th of April, 2017.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE